Good morning. Case number 16-016-09. We are developing footage for Tishman Speyer Properties. Thank you. Do we have an F1? I beg your pardon? Where's the F1? Here it is. In case it's cold, we can step off and start. Good morning, Your Honors. Good morning, Counsel. May it please the Court... I'm asking this Honorable Court... Counsel, you have to get it. This is being recorded. You have to tell us who you are and who you represent. Say that. Douglas Warwick, on behalf of Douglas B. Warwick and Associates, and myself, Apollon. Okay. Go ahead. May it please the Court... I'm asking that this Honorable Court reverse the trial court order that dismissed the underlying lien adjudication matter. I'm further asking that on remand that this Honorable Court find as a matter of law that there was an equitable lien created under the expressed agreements hereunder. Furthermore, I believe that this Honorable Court has the authority and the discretion to determine the amount of that equitable lien, and I request that Your Honors would enter an equitable lien in the amount of the indebtedness that was due for my legal services in the family law case, which is $244,000. Your signing of the lien document didn't give you a right to $144,000. The $244,000 gave you a right to $160,000. That's what you meant to document. That's what, according to the amended document, that's what, allegedly, Luca Cioni was supposed to withhold. Is that not what the document says? That's what one of the documents says, Your Honor. The first amended promissory demand note, which says that $160,000 was due on March 28, 2014, that was an amount that the appellee had acknowledged was due in owing as of that time, and that's why there wasn't the promissory demand note. In that promissory demand note, it tells us six states that it was a secured note. The security interest, Your Honor, is the assignment of lien document, which these documents refer to each other. Under the assignment of lien document, in the first paragraph, it says that all fees that are earned by my law office shall automatically be deemed to be a lien against the personal injury proceeds in the underlying L case here. So, it's your position then that your assignment of lien document did not give you a lien on a definite portion of the settlement amount? The assignment of lien document gave me a lien in the amount of the promissory demand note. $160,000. $160,000, plus all fees that were due pursuant to the final bill. So, there is no definite portion of the settlement amount? It is some amount that is determined at some time in the future? I'm not arguing with you, Your Honor. I guess that's the question. No, what I'm saying is that it does provide for a certain amount. The certain amount was within the document. It says the amount that was due in owing at the time of the recovery in the personal injury case, which would be... That's not some certain. That is an amount to be determined at some point in the future. The only amount that's certain in these documents is $160,000. I agree with Your Honor in part, and I disagree in a small part, and here's why. I agree that it's very clear under the First Amendment promissory demand note that $160,000 was due. However, because the assignment of lien documents said that the amounts that were due in owing to my office for the related family law case were to be considered to be a lien on the property, on the personal injury case, what it did is it gave the lead the opportunity, if she so choose, to object to that amount. Had she not, and had she wished to do so, she had the right to do so in the Kane County family law litigation. I'm asking the question for a reason, because in order to establish an equitable lien, you have to have something more than a promise to pay out of a specified fund. You have to have an assignment of the fund or a portion thereof, and I don't think you can have an assignment of an indefinite amount of money. You have to either assign the fund or you have to have an assignment of some definite portion thereof. That's what the case has said. So, if you have a document that says $160,000 and a quote-unquote assignment of a lien document that says $160,000 plus any other amount that may be due in owing to me, you don't have an assignment of a definite portion of a fund or the fund itself. You have an assignment of some indefinite portion of the fund, and one could make a strong argument that that doesn't satisfy the definition of an equitable lien. I agree with Your Honor in part, again, and I disagree in part, again, because, first of all, for the promise to pay, you only need to be able to look directly to the fund regardless of the amount that's due. That's not what the Supreme Court said in Lewis v. Braun. They said a written, express written agreement can give rise to an equitable lien if it is an assignment of a fund or some designated part, portion, or percentage thereof. And in your particular case, the assignment, if it is an assignment that you're talking about, is not an assignment of a fund, it's not an assignment of a designated part of a fund, or a portion thereof, or a specific percentage thereof. Now, you can make an argument as to your $160,000, which is entirely different than that, because these documents appear to talk about a definite sum of $160,000. But I have a couple other questions before we spend too much time on that. Do you want me to respond to that part? Yeah, go ahead. In every percentage, in every contingency fee case, the amount that is due for the equitable lien is unknown. There is no equitable lien in a contingency fee case. In fee cases, the personal injury case is generally covered by the attorney's lien statute, which does in fact provide for a lien for a percentage, a specific percentage, one-third usually, of the fund. This one doesn't. But I have some other questions for you before we get bogged down. Do you contend that your right to intervention was one of right or discretion? Right. You think it was right. Why do you think it was entitled? There was an order that was entered, I believe it was May 20, 2015, that dismissed the underlying personal injury case, and the order provided that the court was to retain jurisdiction specifically to adjudicate all lien matters. This would have been a lien matter to adjudicate. But was your lien of record at that point? The lien is never of record in my case. You had not intervened at that time? I had not. Your Honor, in virtually numerous, countless equitable lien cases, the amount of the equitable lien is determined later than the recovery. It's a percentage of the recovery, so the amount is determined later. But you don't have a lien for a percentage of a recovery. Your Honor, the attorneys' cases that you're talking about, they had contracts for a certain percentage or a certain number of hours, which was calculable, and they claimed liens against the proceeds of lawsuits, and they had not perfected statutory liens or an alternative predating statutory liens. It was a definite portion or percentage of the fund. And in your case, you don't have a definite portion or percentage of the fund. You have something to be determined in the future based on hours that you made work after these documents were entered into. There's no way it can be a portion of the fund. I want to proceed on some other questions. You've been following my time. This Court found a lack of jurisdiction. Can you tell us why? Well, I think the Court, the release they found, there was a lack of jurisdiction. Because the Court believed that when there was no equitable lien, there was nothing left to do. So you take, she didn't dismiss it for lack of jurisdiction because she found that she didn't have jurisdiction over a petition to intervene for a non-statutory lien. Rather, she denied it no jurisdiction because she found no equitable lien. Right, and that was after some procedural irregularities. Well, if there's no jurisdiction, I don't think you can make a smart argument that the Court doesn't have the right to dismiss. But if it was dismissed because there was no equitable lien, my reading of this case suggests that she found no equitable lien because she found that the documents really contained a promise to pay, which did not satisfy the definition of an equitable lien. Is there a correct assessment of what she did? There's a correct statement of the order of January 5th, 2016. Well, January 5th, 2016. The Court ruled it to be January 5th. I'm not sure if January 5th is the date that she made it. It is January 5th. It looks like the written order of May 10 specifically cites 169A1, which is jurisdiction. Yeah. In January 5th, she made an oral finding, and it's in the record, that it really contained a promise to pay, but the order that was entered on that date made no mention of that whatsoever. The order that was entered on that granted a supplemental response in opposition to the escrowing of the funds with the clerk and vacated the orders of November 4th, November 18th, and December 2nd with respect to the escrow funds and then continued the matter to January 13th. On January 29th, there were some filings. On March 25th, the Court enters an order setting your January 13 motion for reconsideration for hearing on May 10th. And then, as I understand it, in such a status, when it comes up for hearing on May 10th, that's when she enters the sua sponte order denying your motion for evidentiary hearing, for adjudicating the lien, dismissing the motion to vacate the dismissal of the underlying cylindrical action to adjudicate the lien, and dismissing the intervenor's action for one jurisdiction. And I just want to be clear that we understand that when she dismissed the lack of jurisdiction, she dismissed it based on finding no equitable lien because she found that the documents really contained the promise to pay. Is that correct? It is correct. Your restatement of what happened is correct. But there are some huge issues with respect to irregularities procedurally. She continued it for status and then dismissed it. I know what she did. There's more than that, Your Honor. Initially, the Court finds that there was a... This was in response to a petition for an escrow. It was in response to a petition in the nature of equitable relief. And on November 4th, she found that, in 2015, she found that there was a basis to preserve the regs. On November 18th, 2015, after she had previously ordered both the appellee and the appellee's personal injury attorney to preserve the regs, the appellee's personal injury attorney showed up for the first time and gave us, for the first time, said, Well, the regs had been disposed of. So she ordered an escrow against only the appellee in the amount of $160,000. Then, on December 2nd, I believe, was the next court date, the appellee represented that there was only $80,000 and she ordered an accounting. So when I said that the Court see responses on January 5th, found that, I believe, it was in response to a status date relative to the status of the equitable matter. There was no motion to dismiss that was pending at that time. Well, yes, there was, because that was the response that the plaintiff had filed to your petition to intervene. She filed a response, which was a motion, I believe, to adjudicate the matter stating that you had no equitable lien. And then the Court enters an order granting you leave to intervene on September 16th, 2015, and providing that her counter-motion would stand as her response to your motion. And her motion was a counter-motion to adjudicate lien, and in the body of it, it says, Warwick possessed no actionable lien on the proceeds of the settlement in the underlying personal injury action or the alternative retrieval assessment. I fully understand that. So there was a motion. The motion to dismiss the case ultimately was filed, I think, on January 29th, 2016. After the January 5th ruling, pursuant to the equitable relief, that there was no equitable lien. So the motion to reconsider, which was up on May 10th, 2016, was a motion to reconsider the denial of equitable relief or to reinstate the escrow. So there was, at that time... We understand what the equitable lien is. You're going to burn up all your time telling us what happened on what date. The documents that the plaintiff executed, the First Amendment documents, the trial court found that they were merely a promise to pay. Now, the promissory note itself does not contain any assignment language in it. It is merely, I'll pay, and I'll pay out of the process. So if there is any assignment language, it's got to be found in this quote-unquote assignment of lien documents that was attached. And it does. And what does that assignment of lien assignment mean? What does it say? It assigns a portion of the personal injury recovery, whatever it might be. It could have been a judgment. At that point in time, it's unknown. It could have been a judgment. It could have been a settlement. But a portion of that recovery to satisfy the fees that were due in owing to my law office for the family law case. Your Honor, it's critical to understand, and I believe it's not clear at this point, is that the equitable lien arises at the time of the execution of the documents, not later. And not when you're... Your Honor, it's focusing on... Counsel, we understand that it arises. And the question becomes, what definite portion of her proceeds was assigned by these documents on the date they were executed? The best way to answer that question is to say there already was a contract for the payment of fees. There was the underlying retainer agreement and the family law case. I ask you, what was assigned on the date that this document was signed? It was the personal injury recovery to the extent of the fees that were owed in the family law case. In some future date. How much was owed at some future date? That's true. Not the amount that was owed that date. That's true. The only thing that you had on file was $160,000. I want to get back to the language of this document, though, to try and determine where the assignment language is. And it says, my reading is, that it's a secured instrument. In addition to protection given to the homeowner of the note, the underlying assignment of lien dated the same date as this note protects the note holder. Now, that's in the note itself. The promissory note doesn't actually state it assigned any. So, now let's move on to the assignment of lien value. And it says, this document states, although I have hereinto granted an assignment and placed a lien on the amount of $160,000 against my interest in the aforesaid personal injury litigation, I fully understand that said lien or assignment shall be automatically adjusted as follows. As contained within the First Amendment Minor League, there are two paragraphs. As someone, and it's capitalized, authorizes and directs Luca Cioni to withhold from the proceeds of any kind due to her sufficient funds to pay the promissory note and further authorizes and directs the attorney to pay such funds to you. And the assignment shall be binding. In the event of partial self, there's nothing there about paying more than $160,000 because that's all it's owed, the promissory note. And the assignment will be subordinated and the proceeds of the lien will be paid without correlation, on and on and on. So, now the question becomes, where did she assign any portion of those proceeds over and above $160,000? In the first paragraph, third line, it says, well, the first paragraph, I come in and would call it hereby agreed that the signing of this assignment of lien with any outstanding balance due to W.C. Reviton Associates as a result of my litigation with Philip Hoffman, Kane County Case No. 07-578, will automatically be considered a lien on any assets or any proceeds that I may receive from my personal entity litigation with Fishman & Schuyler. So, my question to you is, how much was that on the date she signed that document? Because, as you said, if a lien arises at all, it arises on the date this instrument was signed, not at some date in the future. So, how much was owed when that document was signed? Well, that was due, when the document was signed, was $160,000. It was due to the First Amendment Promissory Demand Note, which by the way, by the way, was a secured note. Because that sixth time it's secured, it refers to the signing of the agreement. Secured note is not the same thing as an equitable lien upon a definitive fund. That's different. Well, I respectfully disagree. Well, we disagree, counsel, but the fact of the matter is, I'm only operating under the definitions of equitable lien that exists. It has to be some definite portion of the fund. And the only definite portion of the fund that arises, if at all, on the date the instrument is signed, which you correctly stated, and the only definite portion of the fund that existed, that has been spoken of on the date it was signed, was $160,000. So now, and I think, by the way, that's what the trial judge recognized when she first ordered an escrow of $160,000. She did not order an escrow for the $242,000 that you claimed was owed to you. Your Honor, if I may, you're adding a word to the definition of equitable lien when you say that it attaches to a definite portion of the fund. The case law only requires that the lien to attach to a vote, which could be property, it could be a fund, or the person thereof. It doesn't require it to earmark what portion or how much of the fund is attached. You want me to give you the citation and page number? I'll give you the citation and page number of the Supreme Court case. Lewis v. Braun, 356 Illinois 467 at pages 477-478. 1934 decision of the Illinois Supreme Court where it says that the agreement may give rise to an equitable lien if it is an assignment of a fund or some designated part, portion, or percentage thereof. And that's exactly what they said. And as you say, and you're entirely correct, the Lucida case stands for the proposition that the lien attaches to the fund at the time the underlying agreement not going to recovery is at. And so it attaches the day the first amended assignment document was executed. And at that particular point in time, the only thing that was owed to you allegedly under the notes was $160,000. But here's something more basic that we have to get to, and that is that you have an equitable lien at all. And my question is, there is no language in these documents that says, I assign to Warwick $160,000 of the proceeds of my underlying tort action. That doesn't appear anywhere. It says, I grant a lien against my proceeds in the amount of $160,000. The document is called assignment of lien. I don't know what that means. Are you using the word assignment to be a synonym for the word grant, granting? An assignment is essentially a synonym for a lien. When it's not an attorney's lien, and I'm not suggesting that it is, the assignment is the right that the appellee had to assign a portion of her settlement proceeds to whomever. If these assignment of lien documents go together, including your letter of direction, whereby the appellee relinquishes her ability to control the funds that were assigned to satisfy my fees in the family law case, again, keep in mind that I only need to be able to look directly to the fund. And if these assignment of lien documents were followed, then these loans would have been held. They could have been deposited with the clerk of the court. They could have been paid over to me. They could have been, or were going to involve $160,000. Could have been subject to adjudication, the reason for the fees. That's not the point, is it? No one is suggesting that you may not have an action based upon what occurred here. The question is, did you have an equitable lien that was capable of adjudication? Now, if she had ordered him to pay this money irrevocably as a security interest and he didn't do it, you may have a serenity only situation, where you have an action against the clerk. You may very well have an action against her on a promissory note, but that's not what we're here about. We're here about adjudication of a quote-unquote equitable lien. And so I'm getting to the question now is, where is the language in here where she assigned a definitive portion of her recovery to you, as opposed to directing or quote-unquote granting a lien on $160,000 plus whatever else you may feel? To answer your question, the direction, it comes from the First Amendment assignment of lien. But what the court perhaps isn't considering is that the consideration for her assignment of that lien, of those portions of recovery, was that they were ongoing services. So it wasn't that I concluded the family law litigation. I concluded part of it, but it was ongoing. It was an inducement. But for these assignment of lien documents, I would never continue to represent her. I think Justice Hoffman is looking for the specific language because the cases indicate that the assignment needs to be explicitly set forth. So he's not into consideration or anything like that. He wants you to show him the language. Your Honor, thank you. I believe that the first sentence in the First Amendment assignment of lien states that by assigning this assignment of lien, that all the outstanding balance due as a result of the litigation in this King County case will automatically be considered a lien on my assets and proceeds. The document goes on to further define this and to define how that's applicable and how it ties into the promissory demand bill. But that's where the appellee had assigned her interest. It starts with the first sentence in that document. And in all promise, in mere promise to pay cases, there is no way to directly attach or directly go after the raise. In this case, if these documents were complied with, then the raise would have been preserved or tendered to me because the documents required that. She irrevocably directed her attorney pursuant to the documents to either pay over to me or the alternative perhaps to hold or to deposit with the clerk of the court such sums as were due pursuant to these documents. Each and every mere promise to pay case, most of which, I think maybe all of which, were contingency cases where the attorney had not complied with the Attorney's Lien Act or for whatever reason there wasn't a lien available under the Attorney's Lien Act. And in those cases, the court was unable to say that the parties agreed or intended for the monies to come out of a particular settlement. In other words, in many cases, they said the agreement was just that you'll get paid. For example, there's the Benkers Trust case. They said, you will get paid when I receive the land loans. Well, that was not sufficient for the court to find that there was a neck marine because it didn't say that you will get paid out of the land loans. And by the way, that's a case that also speaks indirectly to one of the operative's objections that the neck marine cannot arise for attorneys unless it arises on the attorney's side. Okay. Thank you, Adam. Mike, what I'm trying to put in is your first paragraph of your assignment of lien, First Amendment, is an interesting statement. It says that, I further direct my personal injury attorney and their successors, if any, to withhold $160,000 from any proceeds to be tendered to me as a result of the personal injury case in order to pay approximately $140,000 that is outstanding at this time and also to satisfy the time of bill from Douglas Warren. So, actually, according to this document, there wasn't $160,000 over, although the promissory note suggests that there was. So, which was it? $140,000 or $160,000? Thank you. There was, at the time, a recollection that was $142,000 that was owed, and the promissory note or the assignment of lien document provided how that would be adjusted. There was anticipated fees of another $20,000 pursuant to those documents, and it said that if the family law case were to be resolved before the additional fees were earned, $160,000 were earned, that the monies between the $142,000 and the $140,000 and the $160,000 would be returned to the appellate. Okay, so then this document did not assign to you $160,000 of the proceeds. It only ordered you to withhold $160,000 of the proceeds because you talk about here the litigation is concluded and you've been discharged and the $160,000 payment due to you shall be reduced if necessary to an amount that is sufficient to satisfy the final bill. That's correct. So, in other words, she didn't assign $160,000 to you that day. She only ordered it to be withheld and created a lien upon it allegedly to form a superlative for whatever fees you may be owed. That's correct, because the assignment of lien was for the balance that was already earned and to be earned for ongoing services. So the amount was not yet determined. I think this court has pointed it out on numerous occasions this morning. And by the way, too, when I was talking about the Lewis v. Braun case and a particular firm, you understand, in Lewis v. Braun, there never actually was a recovery either. So the appellate lien was imposed against shares of stock. But in that case, there was an agreement between the attorney and Mr. Braun that was also, excuse me, by his wife. The agreement provided that he would pursue the sale of the shares of stock to be earned by the company in place of dividends. And because Mr. Braun had contracted that and ultimately hired a new contractor, I know what Lewis v. Braun said, what the facts were, and I also know what it said. It said it has to be for the fund or a definite portion thereof. And if it is not for a fund or a definite portion thereof, it doesn't give rise to the applicable lien. And that's what Lewis v. Braun says. There was never a recovery? There was never a recovery. And also, I'm only telling you what the Supreme Court said. I'm not telling you whether they were right or wrong. I mean, I don't get to make that choice. The other question that I have for you is, in order for there to be an adjudication of a lien, there has to be a raise in existence that the lien can be enforced against. Agreed. Now, there's an interesting question here. We know from the facts of this case that on November 18th is the first time Mr. Lucaconi's lawyer advised the court that the proceeds of the personal injury action had been distributed. Do we know what date they were distributed? We have no further information. So if they were distributed before you filed your petition for adjudication of lien, there would have been no raise to enforce the liens against, in which case it appears the cases would suggest that you're left to whatever independent action you have, but you don't have an action for adjudication of a lien against a non-existent break. I disagree with that, Your Honor. Under the Musader case, the Wal-Mart had distributed the settlement proceeds, and the court nevertheless found that there was a lack of a lien and said that Wal-Mart should not have distributed the proceeds. The case Your Honor referred to before, I was going to refer myself to the Serencioni, the Supreme Court decision, that was a conversion case. But that case is so interesting because the operant chiropractor in that case had argued to the Supreme Court that a lack of a lien arose under considerations of fairness and justice. No one suggests that you could make an argument in an independent action that you had a lien against these proceeds and Lucaconi improperly paid them out, and therefore Lucaconi is liable to you for whatever amount of lien there may have existed. The question that I get is, if there was no raise to which your equitable lien could attach, then what jurisdiction did this judge have in the court action to take any action whatsoever in relation to the sum told you? There are two questions here. Specifically, the raise that was attached was the personal injury lawsuit, not the recovery. It attaches at the time of the execution of the document to the personal injury lawsuit. So, like Lucero, when the disbursement was made before the lien was satisfied, no court nevertheless found that there was a lack of a lien. So that should not be problematic. The other thing is that when you say you have other remedies, obviously those remedies weren't sufficient and we wouldn't have had assignment of lien documents to begin with. We already have a retainer agreement. That wasn't sufficient. What we did is the APLR to induce me to provide further services provided a security measure. Also, we're not interested. You keep wanting to talk about there was consideration for your note, and that's fine and good. But I want to get to the question of whether there was any raise over which this judge could adjudicate a lien. I want to read you a passage from a very old Supreme Court case, a case called Baker v. Baker. And it says, talking about a lien against a verdict or judgment, it says, it attaches to any verdict, judgment, decree, or the proceeds of any settlement. In other words, it's a lien upon the proceeds only of the litigation or settlement of the claim. Should the defendant or debtor ignore the notice claiming a lien and settle in full directly with his adversaries, there is no specific property left in his hands which could be applied for the payment of the attorney's fees upon foreclosure or other proceedings to enforce the lien. The only recourse that an attorney has under those circumstances is to bring suit, recover a judgment, and collect in the ordinary way. And it occurs to me that, first of all, adjudication of lien proceedings in an underlying court action are ancillary proceedings. They're totally ancillary to the court action. So there has to be some controversy between a non-party and a party relating to the fund that can be adjudicated by the court. But if the fund has already been dissipated, then there is no controversy any longer between those parties as to the fund over which the court has jurisdiction. So I'd like to know when the money was paid out and when the fund was dissipated. You cite to a U.S. Supreme Court case that I really don't think supports your proposition. In the U.S. Supreme Court case, the question was seriously, in the very last paragraph, I believe, talked about the cases remaining in the district court to determine, in the first instance, whether Montanillo kept his settlement fund separate from his general assets and whether he dissipated the entire fund on non-traceable assets. And so it occurs to me that the U.S. Supreme Court is saying, wait a minute, in order to have a lien on this stuff, or if the order is paid, you've got to have the fund. And so I'd like to know when it was dissipated. Obviously, we won't know. In this case, it's not a record, but it was disbursed. But the equitable lien arose already. And as in Cerenzioni, to have those rights, I need this honorable court to find the rights. If we sent this thing out of here because, or if it was sent out because the fund had been dissipated, you could make irreparable lien arguments when you brought your case just as Cerenzioni did. Cerenzioni made those arguments in the context of a case where he charged conversion. And part of it, he asked for an adjudication that he had a lien, there wouldn't have been any conversion unless he had one. And the court made the determination in the independent action that he had a lien, and that it was paid out over the lien, and therefore it was conversion. But we wouldn't have to make a determination here, nor would the judge in the court action. I believe, Your Honor, that the law of the case doctrine would hold that if this court does not grant money appeal, and does not find these equitable liens, that there is no right to conversion, because I need an unconditional right to compensation. Counsel, what would only happen if we found, if we affirmed the trial court and said you had an equitable lien? Correct. In that particular case, you're finished on the equitable lien argument. And your action is on your promissory note, and no action is negligible. Correct. But since there's an equitable lien ad vimitio, since it's created at the time of the execution of the contracts, there ought to be an equitable lien. Counsel, I think your argument is I should have an equitable lien because I have an equitable lien? No, I have an equitable lien pursuant to the assignment of lien documents. It seems to be troubling the court this morning is the amount of the equitable lien, because you've discussed $160,000, $140,000, or some indeterminate amount because the service was ongoing. The point is there was an equitable lien ad vimitio at the time of the execution of the documents. That's when the analysis is done, and the rest was the post-sanctuary recovery. There was no recovery at the time of the documents, right? Correct. And there is not in any of the contingency cases, there's no recovery there. The contingency cases all relate to an equitable lien against a pending personal injury or other contingency recovery. And in each of the cases, in the mere promise to pay, what they're finding is that the contracts did not adequately state that you could look directly to the fund, whereas these contracts promised that. In your case again, I promised to pay you when I sell Blackacre. Yes, in your case, you mentioned your promise to pay because of the intention of the fund. The question is, what do we do if the ordinance was dissipated before you filed your petition for intervention? Well, there's two cases that will help you with this. First of all, the illustrator case that happened, the equitable lien was still imposed by the illustrator court. What inspires that, that there was already a disbursement. And the court said that Wal-Mart may have disbursed to the hotel panel. It did not ask for a stay order. It did not deposit the funds of the clerk in the court, and Wal-Mart's not disbursed. The other thing, though, we want to go to the U.S. Supreme Court cases. And what they did, I mean, the reason I cited them, well, first of all, they'll be irresponsible to not cite recent U.S. Supreme Court cases that deal with equitable liens, and we're here addressing equitable liens this morning. So I cited them, though, because in those cases, the court found equitable liens based upon an express promise to pay, even though the promise to pay arose under a relatively generic segregation-type agreement where the ERISA plans were saying they needed a right to reimbursement. It didn't even allege that the personal injury plaintiffs in those cases even knew about that agreement, or the agreement that existed, and yet the Supreme Court had no problem saying that there's an equitable lien on behalf of the ERISA court. After the Montanara case that you said the race disappeared, in the facts of that case, what the Supreme Court had trouble with was that there was a dispute between the personal injury attorney and the ERISA board as to whether or not the funds should be held or paid over to the plaintiff. And after the dispute and negotiations were broken down, the personal injury attorney served notice on the ERISA board of attorneys and said, If the fund was dissipated, prior to the time that you filed your petition for intervention, then what relief could the trial court have given you, other than merely to declare you had an equitable lien, but, oh, by the way, the race is gone, to trace the funds? If they're traceable, many cases talk about tracing the funds. And my question is, is that really an ancillary proceedings to a tort action? If the fund was there, she could easily order it paid. If the fund is gone, what would you have her do, conduct a trial as to where all of this money went? If you look at one of the basis for an equitable lien, I could answer your question, I think. The basis for an equitable lien is under considerations of fairness and justice. If there was a disbursement immediately after the settlement in May, and if, for the sake of the argument, that happened before I filed my petition, within 30 days of the entry of the dismissal order, and the funds were disbursed, and if these documents were not filed, as they were not, but the information was released to me that the funds were disbursed, I would have had a very real traceable ability at that time. But instead, the plaintiff in the personal injury case, or the appellee and the appellee's personal injury attorney, chose to not only not tell me and my attorneys, but also be clear to counsel that the funds were gone. Counsel, why should they have told the court the funds were gone before you filed your petition, when you didn't have a statutory lien? The question I have is more basic. What could she do for you? What relief could she get? What happened to the monies? And the appellee and her attorneys refused to tell her. Counsel, she never ordered the money escrowed until sometime in November. And you filed your petition for the adjudication lien in March? I believe that I filed my petition to adjudicate a lien within 30 days. June 29, 2015. June 29, 2015. And so from June until November, nobody was under any order to segregate or not disperse or not alienate the fund. My problem is, once the raise is gone, I don't think there's any relief this judge could give you other than what you want, and that's a declaration that I get, an equitable lien, and you pay that over. That's one relief. The second relief was that even Judge Brewer asked my attorneys to contact Mr. McCartney and to ascertain if any of the funds had been dispersed. She conducted a pretrial conference early on in the case, the first time we appeared, and she asked, and the plaintiff, the appellee, refused to disclose what was dispersed. So these matters are not a record, but the petition for the injunctive relief for an escrow was because we were frustrated by the inability to ascertain the origin of the funds. She doesn't tell me what she put it on. I'll let you run over about half an hour. I'll give you some rebuttal. Thank you, Your Honor. Thank you very much for letting me have that time. Thank you. Your Honors, I should say. Your Honors. Good morning, Justices. My name is Ross Bartolotta, B-A-R-T-O-L-L-O-T-T-A. I grew up from Swanson, Martin, and Bell, and I represent the appellee Carmela Morkovich. With respect to the proceedings here, there are six basic areas that I want to discuss, and the point that I want to raise here is as follows. The first issue here, and it's already been discussed a little bit, is that Mr. Warwick, he doesn't possess a valid lien under the Illinois Attorney Lien Act, and that's not a recommendation. He doesn't even claim a lien under the Attorney Lien Act. Why are you even talking about it? Because it does tie into the fact that it goes to the escrow lien, because an attorney lien, that's out of the work that's been done. Counsel, if you're going to make the argument that attorneys cannot have equitable liens because there's a statute, you haven't got a single case that says that, and it just is a bad argument. Well, the second point, then, is there's no authority that Warwick can claim an equitable lien on a case that he had no involvement in a personal injury lawsuit. So that's the second point. So I'm just talking about the different ways that these liens here, he doesn't have an attorney lien, he doesn't have an equitable lien. The third point, and that has been discussed this morning, is that an equitable lien here does not arise out of mere promise to pay, and what we have in the situation with these documents, we have a promise to pay. The other point I want to discuss is when the court found that there was not an equitable lien, her decision, Judge Brewer's decision, that it was appropriate to dismiss the case because there was no other issues to entertain at that point in time. Well, I think there's no question. You're stating the obvious. Right. If there was no equitable lien, it was properly dismissed for warrant of jurisdiction, it's an ancillary proceeding, there was nothing for her to exercise jurisdiction over, there was no controversy. We understand that. There's a couple of basic issues. Number one, was it merely a promise to pay, or is there a segment language in these documents, number one? And number two, assuming that there is, what do we do based upon a question of whether there was a race which could affect? Well, the first point is that it is a promise to pay. And with Judge Brewer and her decision, she spelled out the reasons why that it was a promise to pay. The court found and has mentioned the alleged liens or the assignments here, they all have deficiencies. They're all deficiencies that don't equate an equitable lien. Equitable lien has been discussed. The case law specifies what an equitable lien is, and all the cases that were cited by Wallach were all distinguishable, and there's not one case that relates to the situation at hand here is where Mr. Wallach, who was doing work in a family court case, he had no involvement in the personal injury case, has an equitable lien out of the work performed by another lawyer and the result of the other lawyer. Every other case, the Carlyle case, the Oppenheimer case, Dasher, you go all down the line, you have a situation where the lawyer is doing work on that individual case, and that's where the equitable lien is, the lawyer is doing work on that case. You seem to suggest that a lawyer can only obtain an equitable lien for work he did in that case. That's not the law. The question is, do these documents that the plaintiff executed give rise to an equitable lien against a client as security for some debt? The debt is the promissory note. And so if one has a promissory note, of course, it doesn't make any difference if you're a lawyer, if one has a promissory note, can one obtain an equitable lien against some fund as security for that note? And I know of no case that says he can't. And there's no case that says he can't. It falls under the definition, though, of an equitable lien. Well, I would say in this case he does not have an equitable lien. What he has, his recourse, and that was something that we spelled on our brief, something that was even addressed by the court, his recourse is if the promissory note he claims is not fulfilled, if he brings a separate action, a separate action for a breach of a promissory note, the court mentioned that there may be potential relief against attorney Leach-Yoni, those are the options that he has. The equitable lien here that he's claiming does not exist. I know you're declaring that it doesn't exist, but could you tell us why? It needs to be the language of the instruments involved. Well, the court's already pointed out some problems and issues here. How the difference in the amount of money, the $160,000, but it allegedly was only $140,000 at the time. The court also has raised issues based on the Lewis case. And if you take a look at what he's saying here, there's not an equitable lien with respect to the matter at hand. Some of these issues, too, I just want to bring up just the point of these documents and why we set it improper. You have a situation here where if you take a look at the big picture here, Wolf is having his client execute documents that are going to be paid out of a personal injury lawsuit where you don't know if there's any recovery, and essentially tries to lock her hands that she can have no recourse on whether those documents were appropriately executed, tries to take away any defenses that my client has with regard to those documents, and he's trying to eliminate her to gain recourse on those documents and simply go to court and have her hands tied to what the documents say. And that's improper. That's improper. You had a choice not to sign the papers, didn't you? Well, isn't that the ultimate issue? Those are issues when my client is being represented by Mr. Warwick. That's an evidential issue. That's why the court found that that's something that she has defenses to those documents. What if he had duress? What if he had all those other issues? If you just have a promissory note that Warwick wants to have here, none of those issues are able to be determined. So are the defenses that she may have regarding the execution of those documents, are those no longer violent? I mean, you take a look at some things. Wouldn't she have some way to affirmatively go in and then try to transfer the money in that situation based on, for instance, you said duress. I mean, that happens all the time in commercial collection cases. But if you take a look at what Warwick is arguing, he's arguing in his brief, he says that it renders her impossible to avoid paying for the proceeds of a person where you lost her. He also says that she has no way to contest these issues. So what means promissory notes are essentially you can't review it, you can't contest it, you owe it. I go back to my point, but she had the right not to sign these documents. She could have chosen not to use his services in the King County divorce case. Well, I mean, those types of issues, I mean, that can be with someone buying a car. Someone doesn't have to buy the car. They get an interest rate, a high interest rate. People sign documents all the time, but that doesn't mean they don't have defenses to it. And I think that's one of the points here is that we've raised those issues in front of the trial court, that she has defenses to that. And that's why Judge Brewer, when she took a look at the decision, she found that this was a promise to pay. And if there is recourse, Mr. Warwick, you have to bring suit against her in a corporate jurisdiction. And that's the proper mechanism here in this case. And that's why Judge Brewer got it right. And that allows my client to then contest those issues in a separate action. Judge Brewer found no jurisdiction because she found that the documents were merely a promise to pay. And that's all she found, and that was the underlying basis for her declaration that she had no jurisdiction because there was no equitable lien. But the question becomes, do the documents really contain a promise to pay, or do the documents contain an assignment of the designated portion of the promise? Well, it's a promise to pay. I think the documents itself said this is a promise to pay. That's the promissory note. He's going to rest his argument. The First Amendment assignment of liens. That's what this argument is based upon, the language of that document. And it uses words of assignment, but the question is, does it actually contain an assignment of a portion of the fund? Well, for one, at this point, there's no fund at this juncture. Well, let's get to the next question. Let's get to the question I asked. I don't believe it's a valid assignment, Your Honor. What's missing that would make it a valid assignment? Well, if you take a look, harking back on other cases, for instance, if there was stock, if there was land, if there was a rest, a rest that you can actually look at, you can hold black acres. Well, you can sell stock and you can sell black acres, right? And Justice Hawkins' point is that the money was gone by that point and he got there too late. Well, and if there's no rest, I mean, I think that's an issue. If there's no rest, then that's a distinguishable factor in this case at hand than these other cases. So, let me go back to another question here. You strongly make the point that there's no case that says an attorney cannot collect a misdemeanor, right? But just because there's no case out there that says he can, doesn't mean that he can't. Why can't he? Is it void against public policy? Is that some other reason? Because if you are, if we assume for the sake of argument that the attorney's demand is off the table, why can't this simply be a matter of contract? Well, I think that there are some public policy issues that we've raised in the brief. I think there's a couple issues. And one of the things that we mentioned was that you have a situation where fees are being generated in this family court case. The King County Family Court case. So these fees are being generated by the family court judge. The family court judge who heard the evidence. And as we noted in that brief, there was roughly $200,000 spent on this case. And the King County judge, after considering the evidence, after a nine-day trial, after a hundred-page closing argument, found that it was a complete waste of time. And the award was $4,300. So you have a situation where that judge who was dealing with that case found that the attorney's fees that were generated were just unreasonable. But that's getting back to the specific facts of whether the fees were reasonable in the family court case. And it doesn't answer my question as to why, you know, in sort of the big picture, if you want this kind of an agreement with somehow being down because there's no case. And I don't tie into public policy. You're using that backside. So you have a situation here where you have these fees. The court finds it unreasonable. Yet, Moore has these documents executed saying you don't contest my bills. I anticipate that only a $20,000 loan fee is being incurred. And that's why they're separate notes. Keep on going. And then you have this potential personal injury recovery. And so what I'm trying to explain here is that the public policy issue is that if this is valid, so they have to prize someone to contest the possession of that. Is that the nature of the attorney-client relationship as opposed to a vendor-vendor relationship or a seller relationship? Well, I think, you know, if you take a look going back to what Justice Hoffman said about the ancillary issues, when you have a typical personal injury case, the ancillary issues of liens, those are ways to take medical bills out of that whole case. And as the Justice pointed out, what is the ultimate recovery? Have a trial on those issues, on an ancillary issue? That's really what Moore's trying to do here is to have, here's $160,000. You can't contest it. I say that's against public policy. If a person like my client, if she has other cases assigned against a personal injury lawsuit and she can't contest whether those fees are reasonable or not, because I don't know if that's what Judge Brewer is answering. Is that what she's tasked to do then is to analyze whether those are appropriate? I say not. And I say that's why. There would be an argument to have made in opposition to his motion for leave to intervene. In turn, I'm saying, well, this is an ancillary. It's a permissive intervention at best. There's no statutory right to intervene in this case. And so deny the motion for intervention because this is a new lawsuit within a lawsuit as opposed to merely distribution of proceeds. There's going to have to be an argument. There'd be a great argument. But she granted leave to intervene. In order for my involvement in the case, so I know she allowed to intervene. However, the court still ultimately got back to the proper determination is that there wasn't an affidavit of lien here. And if there's not an affidavit of lien to this court to determine an ancillary action, your recourse lies elsewhere, which is a direct action against my client or potentially Lucione in another action. And that's what's actually transpired since the filing of the appeal. So there is an action against my client in Kane County. I rule it. What about this business of dissipation of the funds? Do you know when it was dissipated? I was not involved. I was not the personal injury lawyer, and I didn't get involved in the case until October, maybe. So if we were to find that the trial court was in error when she dismissed it for want of jurisdiction based upon a finding that it was merely a promise to pay, would we send it back for determination as to whether there was even a raise that she could have attached a lien to? And if there was none, then the action has to be dismissed? Yeah. What would we do? What would we tell the trial court? Of course, our position is I mean, what's the next step if we were to say she was wrong? I think the next step is can't the court even address this? Does she even have the right in an anti-procedure to entertain this issue? So the court, I know we raised the equitable leadership. Does the court even have the ability to take any further action? Well, I mean, assume for a moment that a person is owed money, and for security for that amount of money, the debtor assigns 25% of her recovery in a pending personal injury action to the creditor. I assigned it to you. No ladies, no computed later. I'm assigning to you 25% of my recovery in the personal injury action itself. Wouldn't the S&E have a right to come in and say I want my 25%? That's the question. Is that a valid assignment recognized under Illinois law? It wouldn't be. Well, what right does that person have in a case? I mean, I can understand the issue of medical bills or things where it's directly related to the action. What case does it have to be directly related to the action? There is no case. Unless you know of one I could know of. No, I agree. I'm just thinking about this logically. I mean, does that open up public policy? Want to have that type of action where people can start assigning liens based on a contract issue? I owe you $500 for a car. You know, you're attaching it now to a personal injury proceed and then the court will answer the proceeding. This is, after all, an equitable action, is it not? Well, the issue of- Why should equity get involved in something that the law doesn't allow? Well, I guess here's the way I look at it. Ultimately, this Cook County case was a personal injury lawsuit to compensate Morkovich for injuries that she sustained. If we then take personal injury cases as the potential to fund contract disputes or to fund other- I think that's going far afield of what answer the question. We still go back to the same question about if there's no case that says they can or can't and there's no legislation that governs this, why not? Well, I would say, just in response to what I raised before, do we want to have then the circuit courts dealing with resolving a personal injury case then have additional litigation regarding liens on the proceeds? That's not what the trial court is supposed to do. I don't think that's the best way for the court to look for judicial autonomy. Is that the role of those courts to then have these issues, having trials within the trial, and then you have a situation where you're contesting these equitable liens? I think that the court, when it's a county personal injury lawsuit, is not turning into a court of equity. And I think then that tips over the apple cart. And that's what I'd say with the public policy issues that I've raised. So you would like us to write an opinion that says there can be no liens against the proceeds of a personal injury action that are not directly related to services rendered in that action? You'd like us to write that? I don't know if the court has to. To find a number of opinions, you don't have to find that. I guess what I'm saying, Judge, is that the court can run a decision. There's not an apple waiting. But if the court wishes to. Do you know what the effects were in the Dikini case? Generally. In that particular case, the court said that the court made a jurisdiction in the underlying personal injury action to determine whether there was a valid lien against the proceeds. But in the event that the court determined that there was no valid lien, it didn't have any jurisdiction to make a determination as to any independent actions that might be filed. So in that particular case, as I recall, there was no statutory lien that was attempted to be enforced in Dikini. That's out of an attorney. The attorney was the attorney. If I recall correctly, the attorney was doing work on that case. And, again, it goes back to the principles of all these cases that are cited. The court mentioned the Montel case. That was an ERISA benefit. Those are, again, benefits that were related to the personal injury action. So this case is an outlier where you have worked profoundly in another case Let's make a real simple example. Somebody owns a piece of property. Another guy wants to buy it. And the seller says, I'll tell you what. I'll sell you the piece of property in exchange for 25 percent of the proceeds of your pending personal injury action. And the guy says, fine. I assign you 25 percent of my proceeds in the personal injury action in consideration for your needing black paper to me. And now we've got a personal injury action, and there's a recovery. Does he have a lien against those proceeds for the 25 percent? I don't believe he has a proper lien. He owns it. He owns the 25 percent. I would suggest that we're getting into the issues of these assignments and to the proceeds that are public policy prohibitive. Why is it prohibitive? Why can't I sell my... Is there a case that says I can't assign a portion of my personal injury proceeds? I have not seen a case that says that. She had already borrowed on the proceeds, or potential proceeds, hadn't she? In which way? In the personal injury case. I don't know if she borrowed on the proceeds. It relates to politics. No, nothing else. So let me ask you two things. Your opponent says this was intervention of rights, but there seems to be a discussion here of discretion. You asked one question, and the other, what if it's... Is the point that we need to look at the dissipation just at the point of seeking leave to intervene? Well, our position is, for one, I don't know if oral care intervention is a matter of right. It probably is permissive. Again, the situation, there's nothing I see that says in a situation like this, he's automatically allowed to intervene. So I guess it would be permissive. The second issue is with regard to determining the rest. I would suggest that the rest didn't exist. If I can tie back of why that's important is because, if I recall correctly, looking at the documents, the documents, she can get nothing, nothing out of a settlement, nothing after a trial. But he's still going to then try to collect on those fees with the promise to pay. So we would have a rest that doesn't exist, didn't exist at the time that these documents were executed. And I don't think that it would be proper to send back to the court to determine, you know, when the transfer of the settlement proceeds occur. Intervention is a statutory creature. It's under Section 2-408 of the Code of Civil Procedure. Intervention as a matter of right occurs in three circumstances, two of which have no relevance to this case. One of which says, when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court. Now, if at the time he filed his petition for intervention, the proceeds of the settlement had not been distributed, the court would still have had jurisdiction and control over the rights, meaning he may have had an intervention as a matter of right if it had not been distributed. If it had already been distributed, there was nothing left for the court to have custody or control over. So it wouldn't be an intervention as a matter of right. One has a right or can be permitted to intervene when they have a claim or defense and the main action may have a question of law or fact in common. So, you know, I don't know. I ask the question because it would occur to me that whether he had a right to intervention determines whether there was still a raise at the time that the petition was filed, not at some earlier date. And we don't know the answer to that question because Luca Cioni's lawyer never said when it was distributed. He just said it's gone. It's been distributed. What was it, November the 18th? I believe it was in November, Your Honor. Well, we've touched a lot of the issues here. Just, I will harken back because I think that the main issue here is that the trial court was right, that the equitable lien did not exist. And we cited the Lewis v. Vaughn case. You know, loose daters distinguishable because that was, again, we had a situation for a client doing direct work for an attorney doing work for the client on a specific case, unlike the case here. The court found, I think the court's actions were fine. And the discussion that the court indicated here, when she analyzed the terminology, the equitable lien and the documents, there was a mere promise to pay. And if there's a mere promise to pay, his recovery is in a separate suit, and we're facing that suit now. And I think that's the appropriate recourse so that my client can defend against those issues, raise the appropriate defenses to those documents. And otherwise, well, otherwise my client is left without being able to address those issues. If you take a look at what his documents say, that she has to pay the money, $140, $160. And I think that's unfair. And I think that if the court... How will she defend against the promissory note if suit is brought on the promissory note? Well, suit has been brought. And what defense is she going to make to the promissory note? Well, her answer doesn't get to do with the court. What defenses are available to her? She can have duress, uncatchability. She can have issues with attorney-client relationship with these documents, signing, adverse to her. Why wouldn't she have the same defenses available to her in an action to adjudicate the lien? Well, I guess that goes to the question. If that's the answer to the action, then... Well, I guess the question is different from, you know, there's an orthopedic surgeon who slaps a lien on a personal injury case, and there's a dispute between the patient and the doctor as to whether the bill is correct or not. Well, the difference... There's a law that doesn't resolve that. But, again, that's in the direct action. I incurred these bills for this person in this case, the personal injury case. My bills are reasonable. Well, the situation here is different than my client, because my client should be entitled to a jury trial on those issues. Twelve people to analyze, did she get the fraud? Is there duress? Those issues. If it's in front of a judge in the answer to the action, she doesn't have the ability to raise those defenses in front of a jury of her peers. So I think that's a major difference, and that ties into the public policy issues that support... There's that same argument that the plaintiff in a personal injury issue could make against his doctor's claim for an exorbitant fee as part of a lien. But the trial court is familiar with, hopefully, the injuries and how they were caused and what treatment... It's just a question of the amount. Part of the issue, too, is that, you know, do these doctors try to tie my client's hands to contest anything? I mean, is that what we want to have? Lawyers execute contracts with the plaintiff? Counsel, we're here to decide the legal issues. We're not here to decide... But that's why I say that the remedy for my client to raise those issues, if not just in the answer to the reaction, she should be able to raise those defenses in a separate case, which Judge Brewer said that would be liable. And that's why it's appropriate. These are not situations where the trial court and the ancillary power should be involved with. And that's why the court, when they analyze everything, there's no equitable lien. That's the threshold. And that's why the court's decision, when she found that there wasn't an equitable lien, there's nothing else to deal with in this case, and her decision was proper. So unless there's anything else, I thank the justices for their time this morning on this interesting issue. It is interesting. Counsel, you get to move on. Thank you, Ron. Thank you. Thank you. Thank you, Your Honor. I'm only going to respond to the numerous statements of fact by saying that they are falsely distorted and true. So they have nothing to do with it. So I'm not. Okay. Whether the fees were or were not earned is not our issue. They segue into duress and those kinds of things. I don't believe that it can be said the appeal is under duress when it's like buying a home or a car. Counsel, it has nothing to do with the underlying issue. Thank you. Whether it was duress or wasn't duress, it would have been if there was a hearing on the lien itself. Go ahead. May I add, Your Honor, based on what Your Honor just said, that there never has been a hearing to adjudicate the lien because there are two bases to form an equitable lien. One is by the express terms of the contracts, and the court could do that. This court can do it. You have the ability to do that just based on the contracts. But the other basis to impose an equitable lien would be in a situation like in the Selencioni case, where it's under considerations of fairness and justice, and in those equitable considerations. You have to step forward. Exactly. The Selencioni case, the Supreme Court of Illinois found that they were not going to sort of form other substance in invalidating the physician's lien. But as was indicated earlier, the brief that was argued to the court was that this was an equitable lien under considerations of fairness and justice. I don't know what was argued to the court, but I know what the court decided. The court said there was a physician's lien you paid out in opposition to the lien itself. It was a valid lien, and therefore you're liable for conversion. It's a perfect set of facts for this case to show A, whether it's conversion, and B, whether it would be an equitable lien under considerations of fairness and justice. However, I want to move on to something more important. I think it is a question that may address the issues that this honorable court has had this morning. That is, at a minimum, I believe I'm entitled to an equitable lien at the initial. The issues seem to go to the amount of the lien. But if the court finds, I'm sorry, go ahead. You have to remember, we're here considering a dismissal based on a motion to dismiss. If we reverse that, that's as far as we can go. That's what you're asking us to do. We can't decide how much the lien is and resolve all the other issues that keep cropping up in the arguments here. Thank you for that, Your Honor. I was under the misapprehension that this court could remand for the direction that there is an equitable lien and then to adjudicate or either close the case and say go elsewhere because it's not becoming an ancillary case, which speaks to Justice Hoffman's concerns this morning that this becomes an ancillary issue. If we were to do that, if we were to do that, where would Mr. What form would Mr. Lucaconi have to argue that he did not convert the funds by paying out if, as a matter of law, we found there was an equitable lien? It would be his defense when I insert, if I insert a claim for breach of fiduciary duty or conversion. The thing is, we've already found that there was an equitable lien. If he paid out over an equitable lien, then in that particular case, he still did conversion. That's what death threats are. Well, I know this honorable court is not attempting to protect Mr. Lucaconi, so let me answer the question by saying that. What this court doesn't want to do is an injustice to anyone. I agree. And there are already theories against Mr. Lucaconi. There's a theory of a breach of fiduciary duty. There's a theory of a breach of conversion. That's not my question. If we were to find, as a matter of law, that there was an equitable lien, you have a cause of action against him or against him over which you have no defense. I have no defense whatsoever. The only question is the amount. Your Honor, if that's the case, then you're following the law, and that's what the result ought to be, because there was no excuse for the release of the funds, for not depositing them at the foot of the court. He himself acknowledged in writing, said, I will protect and honor the lien. Counsel, can you answer this question? The question comes down to the question of whether there was or was not an equitable lien. The trial court found no equitable lien. Now, we could do a variety of things with this and say the documents are unclear, and therefore it shouldn't have been decided as a matter of law. Go back down and figure this out as a matter of fact. We could turn around and say we're going to reverse it on the question of jurisdiction, but we're going to remand it to the trial court to make the determination that there was a fund at the time you filed your petition, and if there was no fund, vacate the order granting lien to intervene without prejudice to your rights to bring subsequent lawsuits. We've got a whole variety of things we could do, but they all boil down to one question, whether it can be said as a matter of law that there was no equitable lien. And that's the main question we had. If the answer to that is yes, as a matter of law, there was no equitable lien waiver, and if the answer is no, then we've got a bunch of questions of what we do with it. Unequivocally, there was an equitable lien, and I respect the court's options, and I appreciate those options, and I was starting to say one of the options would be you found there was an equitable lien, you closed the case, the other option is you send the case back based upon the finding that as a matter of law these documents generate an equitable lien. Another option is to send the case back because on remand you'd say they never adjudicated whether or not there was an equitable lien. It's certainly not under the law. Of course she did. That was the basis for her finding that she had no jurisdiction. She made a finding in open court that it was merely a promise to pay, and if it's merely a promise to pay, the Supreme Court says no equitable lien. Your Honor, that finding in open court was made with respect to a petition to escrow found to have been made on a stand statement and subsequently motioned to reconsider the vacature of the escrow, but the finding was not an adjudicatory lien hearing. There was no evidence taken. There was no argument about the interpretation of the documents, and there certainly was no evidentiary hearing to determine whether or not there was an equitable lien or was under consideration for adjudication. Why would there have to be an evidentiary hearing for the interpretation of the documents when the interpretation of the contract documents, if I'm going to use it, is a question of law, not one of fact? It would not if it's a question of law. But there wasn't an argument on what the documents spoke to because the only proceedings that were had to that point were in the nature of injunctive relief, and if the court was looking initially at whether or not there was a protectable interest and found that there was and found that the funds should be preserved, subsequently found that there should be an escrow, and then the corresponding reversal of that was before there was a motion to dismiss that was filed. There was a motion, a counter motion, that there was no equitable lien filed in response to your underlying petition to intervene. It was always there. It had never been resolved. I'm sorry to be your response to your mic. The order that was entered in September of 2015 said that that counter motion was deemed to be a response to our petition to adjudicate, and it said that the appellee, likewise, joins in the request to adjudicate the lien. So, the appellee already decided in September of 2015 that she wanted to adjudicate the lien, and that's what the order was intended to be. I want an adjudication of a lien that there was no lien. That's not an adjudication of a lien. That's exactly what she asked for. I asked her to find that there is no equitable lien. That's what the court order said that the response was to request an adjudication of a lien, and she ultimately would have argued there was none, but the motion to dismiss was not filed until January 29, 2016, much, much later. There's a couple other points that I really want to get to. In part, based upon some of the court's questions, the court asked, the Your Honor asked, you know, in a personal injury litigant, can I sign 25% of my recovery? What I would urge this court to see is that these documents are as strong as I can imagine they could have been in order to assign a portion of this personal injury recovery, and there are litigation loan companies that do loan monies to personal injury plaintiffs, and they take an assignment from their recovery to get reimbursed. Now, that's probably a ridiculous interest on it, and so these are commonplace. I could not find a case on appeal. Apparently, none of those cases have ever gone up, and we've never contested those liens, but they are exactly as we have here. They're equitable liens because liens are either common, raw liens, you possess it, or you possess your liens, or they're statutory liens, or we have here a remedy, an equitable lien. And so those liens do exist, Your Honor, and there's virtually no difference between the liens that I present in the assignment of lien documents and those litigation lien companies or the illustrations when you ask counsel about the liens that an orthopedic surgeon could have or that a person could have because they say so. An orthopedic surgeon's lien is statutory. A lawyer's lien is statutory. Correct. And you don't have a statutory lien. And Sam Blackberry, I believe, Your Honor, said that what if I sell you Blackberry and you give me 25% of your personal injury recovery? And I concur with that wholeheartedly. You are under that personal injury recovery as the plaintiff. If you choose to assign all or part of it for something else, maybe you don't have defenses down the road. Maybe you can assert those defenses later. Maybe you're under a child custody case or otherwise. You had some reason you did it. But the point is the victim here is me. It's not Dr. Lee. I would not have rendered services to the tune of $180,000 for such a dirty document. That's not the issue. You know, that's a compelling argument in front of a jury because it's very emotionally related. But it doesn't relate to the issue we have in front of us. The issue we have in front of us is a very narrow issue. Did the documents that this woman signed stabilize to an equitable lien upon the proceeds of a personal injury action? And if the answer to that question, even if the answer to that question is yes, what effect would the dissipation of the proceeds prior to the petition for intervention have on the ability of a personal injury court, in the context of a personal injury action, for the court to adjudicate that lien? The answer is yes. There is a lien. The amount of the lien in the second paragraph of the First Amendment Assignment of Lien says that she objected to the billing, that she had the right to petition in the family law court and to have such adjustments made as were appropriate. And the answer to your question is yes. How would that have anything to do with whether there was an assignment or not that the court had? Well, there's an assignment to the recovery. Again, the red is the lawsuit, not the settlement. And then to answer the follow-up question is, what happens if the reds were dissipated? That is addressed in the Lucida case where there was a distribution of funds, and it's addressed in the Supreme Court decisions, U.S. Supreme Court decisions, because those which the U.S. Supreme Court has not marked out, either U.S. Airways or Seabrook, that the monies were paid to the personal injury litigant, and the ERISA board wanted the monies back, but they were gone already. And your Honor started to ask me about the Montanella case earlier, and I said, well, what the U.S. Supreme Court said was, first of all, there are some statutory factors to consider in priority when we're going to reimburse the ERISA board for those subrogation claims. But the other thing that the U.S. Supreme Court said was it was sitting on the rights that made it non-bothersome for the court to say that you couldn't go after the personal assets of the P.I., of the personal injury litigant, because the ERISA board did nothing for a period in excess of six months. That's what the U.S. Supreme Court says. They just sent it back to the trial court to find out if there was a fund to which they could get the money from, or it had been dissipated, or it was traceable. And that's exactly what they did. It really has perfect recognition. I mean, it's as clear as a bell what they did. They said it. I don't know if you want me to read it again to you, but... Judge, in the case of the man who was recorded and determined, in the first instance, whether Montanelli kept his settlement funds separate from his general assets and whether he dissipated the entire fund on non-traceable assets. Reverse and remain. And that supports my position. The court did not say there was no equitable lien if the funds were dissipated. There was an equitable lien. There's no remedy. The existence of the equitable lien creates the remedies, creates the option. What is the remedy within the ancillary proceedings if there is no proceeds? What is the remedy if there is no equitable lien? No. If there are no proceeds, what is the remedy? It's for the wrongful distribution of the settlement proceeds. And is that remedy available in the wide division case, or is it available through other litigation? Through other litigation. And then there's a potential remedy in two other forms. One form would be in the bankruptcy court. If that could be done because the bankruptcy trustee can look back and find assets with preferential payments, so that would be against the appellee herself. So if the bankruptcy court would be bound again by the law of the case doctrine and look back for two years, I believe, on preferential payments, which is starting to run, they would trace back what the appellee did with settlement proceeds. So there's that remedy. And then, of course, there's the remedy against the personal injury attorney who will have disbursed the funds. Again, I would urge the court to see that the actual documents themselves create an equitable lien by agreement, that she is stating, I hereby assign, in the same questions you asked earlier, Your Honor, and, you know, a portion of my settlement proceeds, whether it's by judgment, settlement or otherwise, even that to Federalist Bureaucratic Associates in exchange for the services that were performed and that were to be performed. And that unequivocally is not a mere promise to pay. It was saying, I assign, specifically assign, and you can look to this fund. And how you can test for that, Your Honor, is really, really simple. If the documents were followed, then the money would have been turned over to me, or the alternative would have been deposited with the clerk of the court to determine whether or not there were defenses to anything that could, from hokey defenses to the reasonableness of fees. But if the documents were followed, that's the real test, and the test of all of the other cases, Your Honor. If you look at what the case is saying, that, well, you couldn't look directly to the fund. We can't grant you an equitable lien, say, because your document, your agreement with your client, didn't say that you can get that recovery out of that fund. But in this case, they do say that. So, if the documents would have been followed, what about the cases that say, if I sell this piece of property, I will pay you this amount of money out of the proceeds, and the Supreme Court has said, no, I'll put up a lien, or you promise to pay from the fund. What do we do in those cases? I believe, Your Honor, that the specific question you just asked, however, that probably would have been an equitable lien. I can't remember which case, but sometimes these promise-to-pay cases turn on one or two words, whether it's of or out of. I mean, it's really, really narrow. And they can be misleading and confusing. But in virtually every case, there is no way to look directly to the fund for the plaintiff's attorney to get paid. And they all really involve contingency cases. What makes my case so much stronger is it's not a contingency. The client knew that certain fees were already due, knew fees were going to be incurred, provided a mechanism within the amended assignment of lien to say that these fees, you can object to the bond so they can be adjusted, and it's not necessary that we should have known what the ultimate amount of fees would be, as it wasn't substantially greater than the $160,000 promissory demand note fees. So the other thing Your Honor said earlier is that the debt is the promissory note. That's true, but only partially true, because the real debt in the case in front of you were the family law fees and costs that were already incurred and were to be incurred. So that's why an equitable lien is defined as a debt, duty, or obligation. We have both. We have the debt of what was incurred and the obligation to pay for the fees to be incurred. The difficulty that I have with your argument is, to steal a trite phrase, you seem to be running with the hounds and hiding with the fox. You can't do both. If you are going to contend that this lien arose on the day the instrument was signed, you cannot look to anything you do in the future to form the amount that's owed under the lien. It states, if you are assigning, if she assigned on the date this document was signed, some portion of her recovery in the personal injury action, and the lien arises on the date the document is signed, the lien cannot be for anything more than that which was owed on the date the document was signed. That would have been either $160,000 or $140,000, depending on which document you looked to. But you want to say, no, I'm entitled to a lien for everything I did after that date, too. Well, then the lien would not be arising on the date the instrument was signed. The lien for the excess amount would be arising at some time in the future, and there is no case that allows that. Thank you for that question. I believe that with each debtor's statement, the amount of the lien was increasing, and I believe that the documents adequately address that. But the law of equity of the lien says that the equity of the lien does arise on the date that the document is executed, because it's a contract at that time. Right, because you agreed the document was executed. Right, because you agreed at that time that there was an assignment as of that date. And that's the date the lien arises if it arises at all. Correct. And so, what lien arose on that date? $160,000 plus anything else you may owe me? The lien, that's true that the lien that arose on the date of execution of the contract also said very specifically, and the fees to be earned from the sum of that litigation. Those fees could have been adjusted. You didn't specify the amount of the note? No, the note already, that was one of the fees that were already earned. But I don't find it problematic, and I wish I had a better answer to tell you the truth, but I don't find it problematic that the amount of the equity of the lien could be increasing, because in a personal injury case or in any other case where there's a contingent fee, which might be 25% or 33% or something, we don't know what the amount of the equity of the lien is. It's a definite portion of the fund based on a percentage. It's a very definite portion of the fund. Now, doctors, those are statutory liens. So we're going to talk about percentages of the fund. But if you want to talk about contingency fee basis, that kind of works against your argument, because that is a definite portion. It's a percentage. Okay. Our time is over. Thank you very much. I have the location under a guide. Thank you, guys, and thank you for all the additional time this morning. Thank you.